**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1920
_____

DANIEL POCHOPIN,

Appellant

v.

JOHNSON CONTROLS, INC.;
JOHN DOES A-Z

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 3:16-cv-1563)
District Judge:  Hon. Brian R. Martinotti
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
November 16, 2018

Before: GREENAWAY, JR., BIBAS, FUENTES, *Circuit Judges*.

(Filed February 20, 2019)

_____

OPINION[**]

_____

_____

[**] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

FUENTES, *Circuit Judge*.

After being terminated, Daniel Pochopin brought a claim under the New Jersey Conscientious Employee Protection Act against his former employer, Johnson Controls, Inc. Pochopin alleged that he was terminated because of his "whistle-blowing" activity around safety standards at his workplace. [1] The District Court granted summary judgment in favor of Johnson Controls, and Pochopin now appeals. For the following reasons, we will affirm the judgment of the District Court.

**I.**

Daniel Pochopin was hired by Johnson Controls as an electrician in 2010. Pochopin's employment was governed by a collective bargaining agreement between Johnson Controls and the Local 68 Operating Engineers' Union. While working at Johnson Controls, Pochopin founded and became the chair of a safety committee. Pochopin felt there were a "multitude of safety concerns" at the Raritan facility, where he worked.[2] Some of these concerns were reflected in the safety committee minutes. Pochopin also points to two other safety-related incidents during his time at Johnson Controls.

In December 2013, Pochopin wrote a letter, through his counsel, to Johnson Controls' Human Resources manager, Thom Sella. The letter informed Sella that there

---

[1] Pochopin also brought a breach of contract claim alleging that Johnson Controls breached paragraph 4.4 of its Collective Bargaining Agreement with the Local 68 Operating Engineers' Union. Johnson Controls moved for summary judgment on this claim, and Pochopin did not oppose its arguments. The District Court granted summary judgment on the breach of contract claim, and the claim is not part of Pochopin's appeal.

[2] Appellant's Br. at 4.

were violations of Johnson Controls' internal policies and policies of the National Fire Protection Association and the Occupational Safety and Health Administration.

In May 2014, Pochopin became concerned about work being done by one of Johnson Controls' vendors. He sent an email describing the vendor as "unsafe" and as someone who "will cut every corner possible."[3] Pochopin received a warning for the tone of his remarks, and later apologized for causing offense.

Beginning in 2013, Johnson Controls launched a nationwide reduction in force. Over 800 employees were laid off. In February 2014, Richard Babikian became the area manager for the Central New Jersey region, and as such he was responsible for identifying positions within New Jersey that could be reduced.

To do this, Babikian first determined how many positions should be eliminated based on group productivity. For example, he calculated that three electricians, together, could get about 4800 hours of productive work done per year. The Raritan facility also needed approximately 2500 hours of preventive maintenance work done per year. That left 2300 hours of productive time for the electricians to do repair work and any other work needed at the facility. Babikian concluded that this was enough to meet the facility's needs, so the facility could get by with three electricians. At that time, the Raritan facility employed four electricians, meaning one could be let go.

Next, he ranked each electrician in four categories based on input from their supervisors and also ranked them based on a productivity measurement. Pochopin was

---

[3] J.A.121.

ranked last in each of the four subjective categories and the productivity measurement. Babikian then consulted George Mullane, the Director of Labor and Employee Relations for Johnson Controls, to ensure that the collective bargaining agreement was followed and to present the business justification for terminating Pochopin. Mullane concurred with Babikian's decision.

Pochopin was laid off in January 2015. He was offered a position at the King of Prussia facility after his layoff, but turned down the offer as the commute was substantially longer.

## II[4]

Claims arising under the Conscientious Employer Protection Act are analyzed under the same burden-shifting framework we use for federal discrimination claims.[5] Under that framework, a plaintiff is required to establish a prima facie case of a statutory violation.[6] If he or she does, the burden shifts to the defendant-employer to articulate a legitimate, non-discriminatory reason for the adverse employment action.[7] Once an employer articulates some legitimate, non-discriminatory reason for its actions, the burden shifts

---

[4] We have jurisdiction under 28 U.S.C. § 1291. The case was removed to the District Court pursuant to 28 U.S.C. § 1441(a), which allows the removal of cases over which a district court would have had original jurisdiction. Removal was proper on at least one ground— Count Two of Pochopin's complaint alleged that Johnson Controls breached its contract with the Union, and Section 301 of the Labor Management Relations Act provides original jurisdiction in the District Court over such claims, 29 U.S.C. § 185.

[5] *Blackburn v. United Parcel Serv., Inc.*, 179 F.3d 81, 92 (3d Cir. 1999).

[6] *Id.*

[7] *Id.*

back to the plaintiff to show both that the proffered reason was false, and that the real reason was retaliation.[8]

The District Court held that Pochopin failed to establish a prima facie case. In so holding, the District Court focused solely on the final prong of the Conscientious Employee Protection Act, which is that there must be a causal connection between the plaintiff's whistleblowing activity and the adverse action taken against him. It determined that because Pochopin had no evidence of a causal connection, Johnson Controls was entitled to summary judgment. In the alternative, the District Court held that even assuming that Pochopin met his prima facie burden under the Act, summary judgment would still be warranted because Pochopin did not produce evidence demonstrating that Johnson Controls' proffered reasons for his termination were pretextual.

Pochopin points to several "contextual coincidences" as evidence that his vocal support of safety measures caused his termination.[9] None are availing.

First, he states that he was the chair of the safety committee and therefore "the most vocal activist on the issue of workplace safety."[10] But Pochopin has presented no evidence that he was, in fact, the most vocal employee on issues of safety at the Raritan facility. Second, Pochopin states that he was the only employee at the Raritan facility who sent a letter through an attorney to the director of Human Resources. This, too, is an allegation

---

[8] *Id.*
[9] Appellant's Br. at 21.
[10] *Id.*

that Pochopin believes to be true, but has submitted no evidence to prove.[11] Third, Pochopin argues that he was the only employee laid off from the Raritan facility due to the reduction in force, because all of the other employees were transferred within Johnson Controls. However, the evidence shows that three other positions were terminated due to the reduction in force; one of those employees was given the opportunity to transfer, as Pochopin was. Finally, Pochopin points to the fact that he was not rehired when his position became available again a few months after he was terminated. But Johnson Controls never added a fourth electrician after Pochopin was laid off. When another electrician left the Raritan facility in June 2015, reducing the total number of onsite electricians to two, Babikian transferred another electrician who had been working at a different facility into the position. When discussing the transfer with union management, Babikian was informed that Pochopin already had a permanent union position elsewhere.

Even if Pochopin demonstrated evidence proving each of these claims, they would not demonstrate that the reduction in force was pretextual. Pochopin describes several ways he made his views about safety known while working at the Raritan factory: most significantly, he voiced complaints through the safety committee, he wrote a letter to the director of human resources in late 2013, and wrote an email to his supervisors about the behaviors of a vendor in mid-2014. But in none of those instances was Babikian, the area manager who was responsible for deciding to terminate him, the recipient of the complaint.

---

[11] Pochopin argues that the District Court was required to accept his allegations as true at the summary judgment stage, relying on *Trzaska v. L'Oreal USA, Inc.*, 865 F.3d 155, 162 (3d Cir. 2017). *Trzaska* stands for no such proposition. Our remarks there pertained to the standard of review at the motion-to-dismiss stage, not summary judgment.

Pochopin has no evidence showing, or even suggesting, that Babikian was aware of those actions.[12] Although Pochopin now argues that it "defies credibility to suggest" that Babikian had no knowledge of his complaints, at the summary judgment stage, more is required than mere speculation about Babikian's knowledge.[13] Further, Pochopin sent his letter to the Human Resources director more than a year before his termination, and sent his email criticizing the vendor more than six months before his termination. Even construing the evidence most favorably to Pochopin, these temporal gaps belie his argument that whistleblowing activity was actually the basis for his termination.[14]

Therefore, we agree with the District Court that Pochopin has not shown that retaliation was a motivating factor in his termination, nor that the reasons proffered by Johnson Controls constitute pretext. As a result, there can be no genuine issue of material fact, and Johnson Controls is entitled to summary judgment.

### III.

For the foregoing reasons, we will affirm the District Court's grant of summary judgment to Johnson Controls.

---

[12] There is record evidence that Pochopin and Babikian once disputed the safest way to lift manhole covers. Initially, Babikian did not think a magnetic dolly was necessary, but after viewing the manhole covers, agreed that the dolly was appropriate and authorized its purchase.

[13] Reply Br. at 2.

[14] *Clark Cty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001) ("The cases that accept mere temporal proximity between an employer's knowledge of protected activity and an adverse employment action as sufficient evidence of causality . . . uniformly hold that the temporal proximity must be 'very close.'") (quoting *O'Neal v. Ferguson Constr. Co.*, 237 F.3d 1248, 1253 (10th Cir. 2001)); *LeBoon v. Lancaster Jewish Cmty. Center Ass'n*, 503 F.3d 217, 233 (3d Cir. 2007) (finding no unduly suggestive temporal proximity when there was a three-month gap between the allegedly protected activity and the adverse action).